Drake, Ch. J.,
delivered tbe opinion of tbe court:
In tbe years 1874 and 1876 tbe claimant was, under tbe authority of sections 2025 and 2026 of tbe Revised Statutes, chief supervisor of elections of tbe district of New Jersey j and as such, in each of said years, prepared and furnished instructions to tbe supervisors of election acting under him. Having prepared tbe instructions in writing, be caused them to be printed in pamphlet form, and in that form furnished them to tbe supervisors, and filed one copy of each set of tbe same in that form as a part of tbe records of bis office.
Tbe instruction issued in 1874 made 82 folios, and 82 copies thereof were furnished to supervisors. Those issued in 1876 made 81 folios, and 86 copies thereof were furnished to supervisors.
Tbe claimant demands pay at the rate of 15 cents for each folio contained in all tbe printed pamphlets so issued ■, that is, 13,690 folios, at 15 cents each, amounting to $2,053.50, less $64.30 paid him at tbe Treasury after this suit was brought. That sum was made up of two items: $24.30 as pay for preparing tbe instructions, at tbe rate of fifteen cents per folio, and $40 for tbe expense of printing tbe instructions. Tbe claimant protested against receiving tbe $64.30 any otherwise than as a payment on account. After crediting that sum, bis claim is for $1,989.20, for furnishing to tbe supervisors 168 printed copies, in pamphlet form, of the instructions. This is at tbe rate of a fraction over $11.70 for each copy.
The'words of tbe law relied on to sustain this demand are found in section 2031 of tbe Revised Statutes, as follows : “ There shall be allowed and paid to tbe chief supervisor, for bis services as such officer, tbe following compensation: * * * For arranging and transmitting to Congress, as provided for in section 2020, any report, statement, record, return, or examination, for each folio, fifteen cents; and for any copy thereof, or of any paper on file, a bke sum.”
Tbe entire basis, in tbe law, of this demand is in tbe words “of any paper on file.” Tbe claimant insists that each printed copy be debvered to a supervisor was, within tbe meaning of tbe law, a copy of a paper on file, and that be ought to be paid for it at tbe rate of fifteen cents per folio.
In one sense this may be true: that is, each printed copy of *256 tbe instructions was a counterpart of every other printed copy of them; but that is not enough to entitle the claimant to pay for each of them as a copy of a paper on file.
The words “ copy of any paper on file” mean a copy certified and issued by the supervisor as a copy; not a duplicate printed copy of an original paper issued as an original document. The printed instructions to the supervisors were issued to each of them, not as a copy of an original paper which the claimant kept on file, but as themselves the original paper1, sent out for convenience in print instead of manuscript, and having in them an obligatory force by reason of being an original paper directed to them. When, therefore, the claimant, either at the time of issuing the instructions, or before or afterward, saw fit to put on file in his office, for preservation, either a printed copy thereof, or, if he pleased, the manuscript from which the type of the printed copies was set up, he put on file simply a counterpart original document, of which there were altogether 170 copies, two of which he kept and the other 168 sent to the supervisors. For the expense of printing those 170 copies he was entitled to be paid, as he has been; but for the 15 cents per folio he has no legal claim.
The claimant also demands for affixing his seal, as United States commissioner, to 316 oaths of' supervisors and special deputy marshals, 20 cents each, amounting to $63.20. He held two offices, that of commissioner and that of chief supervisor. As commissioner, he had power to administer oaths, but as chief supervisor he had not. The law gives him as commissioner no fee for affixing a seal to an affidavit. As chief supervisor, he was entitled to 20 cents “for affixing a seal to any paper, record, report, or instrument”; but he did not, as chief supervisor, affix his seal to those oaths. He stands, therefore, in the position, on the one hand, of claiming for affixing a seal as chief supervisor which he did not affix; and, on the other, of claiming as commissioner for affixing the seal a fee which the law does not allow.
The petition is dismissed.